IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XIONG LO,

       Petitioner,       OPINION and ORDER

 v.

                       19-cv-746-jdp
UNITED STATES OF AMERICA,       17-cr-110-jdp-1

       Respondent.

---

  Xiong Lo pleaded guilty to money laundering in violation of 18 U.S.C. § 1957(a) and (b)(1). I sentenced him to 30 months of imprisonment followed by a two-year term of supervised release. Lo has now filed a pro se petition challenging his sentence under 28 U.S.C. § 2255. He identifies two grounds for relief. First, he says that he is entitled to resentencing because had he been sentenced after implementation of the First Step Act of 2018, he "would not have come to prison, []but would have been serving his sentence on home-confinement, [because] the BOP has precluded prison camps." Dkt. 1, at 4. Second, he says that the First Step Act granted this court "full discretion to reduce and resentence [him] to a new term or sentence." *Id.* at 5. He asks me to reduce his sentence to time served or, in the alternative, to allow him to serve the remainder of his sentence on home confinement.

**A. Clarifying the basis for Lo's petition**

  Although Lo petitions for relief under 28 U.S.C. § 2255, that is not the proper vehicle for his request. Section 2255 permits a federal prisoner to ask the sentencing court to vacate, set aside, or correct a sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence exceeds the maximum allowed by law, or that the sentence is otherwise

subject to collateral attack. Lo does not contend that there are freestanding legal or jurisdictional defects in his conviction or sentence. Rather, he contends that he should be considered for a reduced or modified sentence because of a later-passed federal statute—the First Step Act.

That raises a question about the appropriate jurisdictional basis for Lo's motion. Lo is correct that the First Step Act directs the Bureau of Prisons to maximize the use of home confinement for low-risk offenders. *See* 18 U.S.C. § 3624(c)(2) ("The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."). But it does not "preclude[] prison camps," as Lo suggests. Dkt. 1, at 4. And, more important, decisions about how to implement this policy have been left to the Bureau of Prisons, not the courts. The First Step Act does not authorize me to resentence Lo to a lesser penalty. The only prisoners eligible for retroactive sentencing relief under the First Step Act are those convicted of crack cocaine offenses prior to August 3, 2010. Lo was convicted of money laundering in 2018, so that provision doesn't apply to him.

In the memorandum of law attached to his petition, Lo appears to request a different kind of relief: compassionate release based on extraordinary and compelling circumstances. He says that he is experiencing "major health problems" because his "diet is very different from others and is not accommodated by the BOP." Dkt. 1, at 14. He also says that he is "experiencing family difficulties where his wife and family are in need of him at home" for financial reasons. *Id.* He cites cases in which courts have granted prisoners relief under the federal compassionate-release statute, which provides that courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act, only the Bureau of Prisons could bring motions for compassionate relief on behalf of prisoners. But the First Step Act amended the statute to provide that a prisoner may bring a motion for compassionate release on his own behalf. *See id.* So I will construe Lo's motion as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**B. Availability of relief under 18 U.S.C. § 3582**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

In other words, to be entitled to relief under § 3582(c)(1)(A)(i), Lo must both fulfill the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. Because Lo has not met either requirement, I will deny his motion.

1. **Exhaustion of administrative remedies**

As a threshold matter, Lo has not shown that he has asked the warden of his institution to file a motion for compassionate release on his behalf. If he made such a request and it was denied, he would have to appeal the denial through the Bureau of Prisons' appeal process; if his request was ignored, he would have to wait at least 30 days before filing the motion on his own behalf. Lo makes no mention of having made a request to the warden of his institution, and I have no indication that the Bureau of Prisons is aware that he is seeking such relief.

2. **Extraordinary and compelling reasons**

Even had Lo satisfied the exhaustion requirement, Lo would still not be eligible for a modification of his term of imprisonment under § 3582(c)(1)(A)(i) because he has not demonstrated that "extraordinary and compelling reasons warrant" a reduction of his sentence. The statute does not define "extraordinary and compelling reasons." But the applicable policy statement issued by the Sentencing Commission lists a series of four circumstances that qualify as "extraordinary and compelling." Those circumstances include:

> (1) The defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."
>
> (2) "The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."
>
> (3) The defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

4

> (4) A catch-all provision that allows the director of the Bureau of Prisons to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the above subdivisions]."

U.S.S.G. 1B1.13 cmt. n.1.

Lo's situation does not fit into any of the first three categories. He is not terminally ill. He is not older than 65. And although he says that his wife needs him at home, there is no indication that she has been incapacitated. As for the catch-all provision, there is some doubt about whether district courts even have authority to determine that reasons other than the three delineated in the policy statement are "extraordinary and compelling." *See United States v. Brown*, __ F. Supp.3d __, 2019 WL 4942051, at *2–3 (S.D. Iowa Oct. 10, 2019) (summarizing this debate). But even if I construe the law in the light most favorable to Lo by assuming that I can make such a determination, I would conclude that Lo's situation does not meet the "extraordinary and compelling" threshold. The difficulties he is facing (diet-related health problems and family financial struggles) are not comparable to the type of circumstances that courts have found extraordinary and compelling under the catch-all provision. *See, e.g., United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *2–3 (N.D. Ohio Oct. 17, 2019) (court found extraordinary and compelling reasons in case of a veteran with PTSD who had served 100 months in prison with no behavioral infractions and whose terminally ill mother needed his emotional and financial support); *United States v. Cantu-Rivera*, No. CR H-89-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019) (court found extraordinary and compelling reasons where defendant was 69 years old and experiencing serious deterioration in physical health because of the aging process, had served 30 years in prison, and had achieved an "extraordinary degree of rehabilitation" while incarcerated).

Lo's petition cites deprivations that are common among federal prisoners. He has not shown extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i), so I will deny his motion.

ORDER

IT IS ORDERED that Petitioner Xiong Lo's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), Dkt. 1, is DENIED.

Entered October 30, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge